**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:

                              Case No. 12-39130-PGH
                              Chapter 11

PJB MANAGEMENT, INC.,

                Debtor.     /

## DEBTOR'S MOTION FOR USE OF CASH COLLATERAL ON AN EMERGENCY INTERIM BASIS

PJB Management, Inc. (the "Debtor") requests an emergency hearing in this matter on December 6, 2012, or as soon thereafter as the Court may direct, to prevent direct, immediate and substantial harm to the Debtor's estate, which harm will occur if the Debtor is not authorized to use cash collateral on an emergency interim basis during the first thirty days of this bankruptcy case. The Debtor respectfully requests that the Court waive the provisions of Local Rule 9075-1(B) of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida, which requires an affirmative statement that the Debtor made a bona fide effort to resolve the issues raised in this motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

      PJB Management, Inc., debtor and debtor in possession (the "Debtor"), by and through its undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 363(c), Federal Rule of Bankruptcy Procedure 4001(d), Local Rules 4001-2, 9013-1(G) and 9075-1, and this Court's *Guidelines for Motions Seeking Authority to Use Cash Collateral*, for entry of an order authorizing the use of cash collateral on an emergency basis pending interim and final hearings.

### INTRODUCTION

      1.     The Debtor owns two shopping centers, and upon information and belief is the sole member of a limited liability company that owns a bowling alley. Rents paid by tenants at the shopping centers constitute cash collateral, as defined in section 363(a) of Title 11 of the

United States Code (the "Code"). As discussed below, IberiaBank has a lien against the Debtor's cash collateral by virtue of certain assignment of rents clauses in mortgages entered into with Orion Bank, which have since been assigned to or acquired by IberiaBank. The Debtor requires court authority to use this cash collateral in order to maintain its properties and operate them as a debtor in possession.

2. In accordance with this Court's *Guidelines for Motions Seeking Authority to Use Cash Collateral*, as adequate protection for the Debtor's use of Iberiabank's cash collateral, the Debtor proposes to:

- **grant Iberiabank replacement liens against all collateral that had been pledged to it prior to the commencement of this case;**
- **furnish Iberiabank with such adequate protection as is generally provided by Chapter 11 debtors, e.g., furnishing it with copies of reports filed with the Office of the United States Trustee;**
- **make such adequate protection payments set forth on the budget attached to this motion.**

This constitutes adequate protection for the Debtor's use of Iberiabank's cash collateral, on an emergency, interim basis. A budget setting forth the use of such cash collateral for the next thirty days is attached hereto as Exhibit "A".

## BACKGROUND

3. On February 25, 2008, the Debtor executed a mortgage and collateral assignment of contracts, leases, rents and profits (the "Gables Mortgage and Assignment") in favor of Orion Bank as security for payment of a promissory note in the principal amount of $2,750,000.00 (the "Gables Note" and, together with the Gables Mortgage and Assignment, the "Gables Loan

Documents"). The Gables Mortgage and Assignment gave Orion Bank a lien against the real property and improvements thereon owned by the Debtor and located at 4895 Windward Passage Drive, Boynton Beach, Florida ("Gables End") and all personal property owned by the Debtor. Gables End is a shopping center consisting of approximately 18,640 square feet, with eight current tenants and two vacant units. Iberiabank currently owns the Gables Loan Documents. The Gables Note is guaranteed by Alfred Coco, Pauline Coco, Anna Coco-Papa, and Angela Roy, the equity holders in the Debtor.

4. On October 12, 2006, the Debtor executed a mortgage and collateral assignment of contracts, leases, rents and profits (the "Abbey Mortgage and Assignment") in favor of Orion Bank as security for repayment of a promissory note in the principal amount of $1,000,000.00 (the "Abbey Note" and, together with the Abbey Mortgage and Assignment, the "Abbey Loan Documents"). The Abbey Mortgage and Assignment gave Orion Bank a lien against the real property and improvements thereon owned by the Debtor and located at 1890 Abbey Road, West Palm Beach, FL 33401 ("Abbey Park") and all personal property owned by the Debtor. Abbey Park is a shopping center consisting of approximately 14,375 square feet, with five current tenants and four vacant units. Iberiabank also owns the Abbey First Loan Documents. The Abbey Note is guaranteed by Alfred and Pauline Coco.

5. On July 24, 2008, the Debtor executed a Notice of Future Advance and Mortgage Modification Agreement (the "Modified Abbey Mortgage") in favor of Orion Bank, pursuant to a future advance clause in the Abbey Mortgage and Assignment, as security for repayment of a Future Advance Promissory Note (the "Advance Note" and, together with the Modified Abbey Mortgage, the "Advance Loan Documents") in the principal amount of $500,000.00. On October 29, 2009, the Debtor and Orion Bank entered into a "Modification of Promissory Note

3

and Loan Documents" that modified the maturity date and interest rate of the Advance Note. Iberiabank currently owns the Advance Loan Documents.

6. On December 4, 2012 (the "Filing Date"), the Debtor filed a voluntary petition for relief with this Court under Chapter 11 of the Code. The Debtor was thereupon authorized to continue with the operation of its business and affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Code.

7. The outstanding principal amount of the Gables Note was approximately $2,516,857.77 as of the Filing Date. The outstanding principal amount of the Abbey Note was approximately $926,816.88 as of the Filing Date. The outstanding principal amount of the Advance Note was approximately $500,000.00 as of the Filing Date. The Debtor is current on its monthly payments under the Gables Note, but it is not current on its monthly payments under the Abbey Note or the Advance Note.

8. The Debtor has not been able to obtain a response from Iberiabank as to whether it consents to the Debtor's use of its cash collateral.

**THE DEBTOR SHOULD BE PERMITTED TO USE
CASH COLLATERAL ON AN EMERGENCY BASIS**

9. The Debtor requires the use of cash collateral in the ordinary course of its business operations for payment of expenses. The Budget provides details regarding expenses on a line item basis.

10. The Debtor intends to sell substantially all of its assets either pursuant to sections 363(b) and (f) of the Code, or alternatively, in connection with a plan of liquidation pursuant to sections 1121 and 1129 of the Code, as may be in the best interests of the Debtor and its

creditors.[1]  In either event, the sales will be based upon the Debtor continuing to operate as a going concern.  The Debtor needs to be able to pay its ordinary course operating expenses to ensure that there is no interruption to business operations in order to obtain the highest and best offers for its properties.  Accordingly, the Debtor requires the use of cash collateral on an emergency basis, pending interim and final hearings.

11.    In view of the adequate protection that will be provided to Iberiabank as set forth in more detail below, the Debtor should be permitted to use this cash collateral on an emergency basis, pending interim and final hearings.

12.    The Debtor may use Iberiabank's cash collateral without its consent, provided it obtains court approval pursuant to section 363(c)(2)(B) of the Code.  Such approval will ordinarily be granted as long as the Debtor provides adequate protection of the bank's interest in such cash collateral.  The sufficiency of proposed adequate protection is determined on a case by case basis.

13.    Section 361 of the Code provides that a debtor in possession may supply adequate protection to an entity by granting replacement liens to such entity sufficient to cover any decrease in the value of the collateral at issue.  The Debtor proposes to provide Iberiabank with replacement liens as to all collateral that was pledged to it pre-petition, to continue to make payments on the Gables Note, and to make the payments its cash flow permits in connection with the Abbey Note and the Advance Note.  Accordingly, Iberiabank will be adequately protected.

14.    In view of the foregoing, the Debtor should be authorized to use cash collateral on an emergency and interim basis, pending interim and final hearings.

---

[1] The Debtor has obtained written offers for the sale of both the Gables End and Abbey Park properties, and is simultaneously seeking authority to retain Michael Falk and Co., the real estate broker that obtained the offers resulting in these contracts pre-petition, in order to consummate their sales.  The bowling alley referenced above is owned by a Florida limited liability company named Palm Beach Strike Zone, LLC.  The bowling alley will also be sold, either as a going concern or as land with improvements thereon, whichever brings the highest and best offer.

## **CONCLUSION**

15.    For all of the reasons set forth above, the Debtor respectfully requests entry of an order pursuant to section 363(c) of the Code authorizing its use of cash collateral on an emergency basis, along with any other and further relief this Court may deem appropriate under the circumstances. A proposed order granting the relief requested herein on an interim basis is attached hereto as Exhibit "B".

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

                                            ROSEN & WINIG, P.A.
                                            Proposed Attorneys for PJB Management, Inc.

                                            By: s/ Eric A. Rosen
                                            Eric A. Rosen
                                            Florida Bar No.: 36426
                                            Kaleb Bell
                                            Florida Bar No. 60278
                                            2925 PGA Boulevard
                                            Suite 100
                                            Palm Beach Gardens, FL 33410
                                            (561) 799-6040
                                            erosen@rosenwinig.com
                                            kbell@rosenwinig.com