UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

                                        Case No. 12-39130-PGH
                                        Chapter 11

PJB MANAGEMENT, INC.,

                    Debtor.     /

**MOTION FOR ENTRY OF ORDER PURSUANT TO SECTIONS 105, 363(b) AND (f) AND 365 OF THE BANKRUPTCY CODE, FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 6004, 6006, AND 9014, AND LOCAL RULE 6004-1(A): (A) APPROVING COMPETITIVE BIDDING AND SALE PROCEDURES; (B) APPROVING FORM AND MANNER OF NOTICE; (C) SCHEDULING DATES TO CONDUCT AUCTIONS AND HEARING TO CONSIDER FINAL APPROVAL OF SALES, INCLUDING TREATMENT OF UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES; AND (D) AUTHORIZING SALE OF COMMERCIAL REAL PROPERTY LOCATED AT (i) 1890 ABBEY ROAD, WEST PALM BEACH, FL 33403, AND (ii) 4895 WINDWARD PASSAGE DRIVE, BOYNTON BEACH, FL 33436,  FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS**

PJB Management, Inc. (the "Debtor"), debtor and debtor in possession, by and through its undersigned counsel, moves this Court for entry of an order pursuant to Sections 363(b) and (f) of Title 11 of the United States Code (the "Code"), Federal Rules of Bankruptcy Procedure 2002, 6004, 6006, and 9014, and Local Rule 6004-1(A): (A) Approving Competitive Bidding and Sale Procedures; (B) Approving Form and Manner of Notice; (C) Scheduling Dates to Conduct Auctions and Hearing to Consider Final Approval of Sales, Including Treatment of Unexpired Non-Residential Real Property Leases; and (D) Authorizing the Sale of Commercial Real Property Located at: (i) 1890 Abbey Road, West Palm Beach, FL 33401 ("Abbey"); and, (ii) 4895 Windward Passage Drive, Boynton Beach, FL 33436 ("Gables") free and clear of all liens, claims, encumbrances, and interests.

**LOCAL BANKRUPTCY RULE 6004-1 CONCISE STATEMENT**

1. Pursuant to Local Rule 6004-1, following is a summary of the relief requested herein:

   a. <u>Identity of the Purchaser</u>: Kirit R. Shah ("Shah") is the current proposed purchaser of Gables. Eric Ende ("Ende") is the current proposed purchaser of Abbey. Neither proposed purchaser is an insider of the Debtor.

   b. <u>Terms of the Sale</u>:

      i. The sale price for Gables is $2,200,000.00 and is subject to a financing contingency of $1,700,000.00. The sale price for Abbey is $965,000.00, and is not subject to a financing contingency. All unexpired non-residential real property leases for units in Gables will be assumed by the Debtor and subsequently assigned at Closing to Shah. All unexpired non-residential real property leases for units in Abbey will be assumed by the Debtor and subsequently assigned at Closing to Ende.

      ii. The Closing Date shall be within three business days after entry of an Order approving the sale of either Abbey, Gables, or both pursuant to Sections 363(b) and (f) of the Bankruptcy Code, and assumption and assignment of all unexpired non-residential real property leases at Gables and Abbey, respectively, pursuant to section 365 of the Bankruptcy Code (the "Sale Order").

      iii. Closing conditions for both Gables and Abbey include the following: entry of the Sale Order, payment of the balance of the purchase price by wire transfer of funds to the Debtor's counsel or the appropriate title company.

   c. <u>Terms of the Auctions</u>: The proposed auction date is March 5, 2013. Bids on Gables shall be made in minimum increments of $10,000.00, and the initial overbid amount must propose a purchase price equal to or greater than the sum of $2,250,000.00 ($50,000.00 greater than the current purchase price) in cash. Bids on Abbey shall be made in minimum increments of $10,000.00, and the initial overbid amount must propose a purchase price equal to or greater than the sum of $1,000,000.00 ($35,000.00 greater than the current

purchase price) in cash. The proposed last date for submitting bids is February 26, 2013, or seven days prior to the auction, whichever is later.

d. <u>Requirements of Competing Bidders:</u> The minimum deposit for Gables is $200,000.00. The minimum deposit for Abbey is $100,000.00. Competing bidders must execute a new contract and provide "adequate assurance" acceptable to the Debtor and its counsel, in their sole discretion, that they have the authority and financial ability to consummate the sale transaction.

e. <u>Other Purchaser Protections:</u> There is a proposed Break Up Fee of $25,000.00 for the Gables transaction and a proposed Break Up Fee of $25,000.00 for the Abbey transaction.

f. <u>Statement Regarding Transfer of Personally Identifiable Information:</u> The Debtor does not own and is not selling any personally identifiable information.

g. <u>Identity of All Known Lienholders and Nature/Extent of Lien:</u>

   i. Gables:
      1. Iberiabank – A lien against the real property and improvements thereon located at 4895 Windward Passage Drive, Boynton Beach, Florida, 33436, and all personal property owned by the Debtor (including but not limited to all accounts, accounts receivable, contracts, leases, rents, and profits). Iberiabank's lien will attach to the proceeds of the proposed sale.
      2. 2011 RA TLC, LLC – A tax lien certificate against the real property and improvements thereon located at 4895 Windward Passage Drive, Boynton Beach, Florida, 33436 for unpaid real property taxes for tax year 2010 in the approximate amount of $67,628.70. All amounts owed pursuant to this lien will be paid in full at closing.
      3. FLA Holding – A tax lien certificate against the real property and improvements thereon located at 4895 Windward Passage Drive, Boynton Beach, Florida, 33436 for unpaid real property taxes for tax year 2011 in the approximate amount of $63,695.08. All amounts owed pursuant to this lien will be paid in full at closing.
      4. Windward Master Association, Inc. – A statutory lien against the real property and improvements thereon located at 4895 Windward Passage Drive, Boynton Beach, Florida, 33436 for

                unpaid assessments in the approximate amount of $18,000.00. The amount of this claim is disputed and unliquidated. An amount necessary to satisfy this lien will be escrowed at closing.

    ii. Abbey:
        1. Iberiabank – A lien against the real property and improvements thereon located at 1890 Abbey Road, West Palm Beach, FL 33401, and all personal property owned by the Debtor (including but not limited to all accounts, accounts receivable, contracts, leases, rents, and profits). Iberiabank's lien will attach to the proceeds of the proposed sale.

h. <u>Requested Hearing Dates:</u>  The Debtor requests a hearing date on approval of the proposed sale and bidding procedures on or before February 5, 2013. The Debtor requests that an auction be held on or before March 5, 2013, and a hearing on approval of the sale as soon as practical thereafter.

## BACKGROUND

2.    On December 4, 2012, the Debtor filed a voluntary petition for relief under Chapter 11 of the Code and was thereupon authorized to operate its business and manage its affairs as a debtor in possession, pursuant to sections 1107(a) and 1108 of the Code.

3.    The Debtor owns Abbey and Gables, two retail shopping plazas located in Palm Beach County, Florida. The Debtor proposes to sell both Abbey and Gables free and clear of all liens, claims and encumbrances pursuant to sections 363 (b) and (f) of the Code. All unexpired non-residential real property leases for units in each separate shopping plaza will be assumed by the Debtor as the landlord thereof and subsequently assigned at Closing to Shah and Ende, respectively.

4.    The Debtor and Shah entered into a contract for the purchase and sale of Gables on December 21, 2012 (the "Gables Contract"). A copy of the Gables Contract and all related addendums is attached hereto as Exhibit "A". The terms of the proposed sale are set forth in the

Gables Contract and generally provide that Shah will purchase Gables for $2,200,000.00, which sum shall be paid in cash. A deposit of $10,000.00 has been paid to South Florida Title Company and is currently held in escrow, and an additional $90,000.00 deposit will be paid into escrow by Shah at the time Shah obtains a financing commitment for $1,700.000.00. Shah will pay the remaining balance of $400,000.00 in cash. The balance of $2,100,000.00 shall be paid so as to be received by either the Debtor's counsel or South Florida Title Company within three business days of entry of the Sale Order.

5. The Debtor and Ende entered into a contract for the purchase and sale of Abbey on January 7, 2013 (the "Abbey Contract"). A copy of the Abbey Contract and all related addendums is attached hereto as Exhibit "B". The terms of the proposed sale are set forth in the Abbey Contract and generally provide that Ende will purchase Abbey for $965,000.00, which sum shall be paid in cash. A deposit of $48,250.00 has been paid to Ende's counsel, the law firm of Fassett, Anthony & Taylor, P.A. ("Fassett"), and is currently held in Fassett's IOTA account. An additional deposit of $48,250.00 shall be paid by Ende and held in escrow by Fassett prior to Closing. The balance of $868,500.00 shall be paid so as to be received by Debtor's counsel within three business days of entry of the Sale Order.

6. To the extent other entities wish to place competing bids regarding the proposed purchase of either Abbey or Gables, the terms of the Abbey Contract or the Gables Contract, respectively, shall not be binding on them but should be used as a general guide.

## REQUESTED RELIEF

7. The Debtor requests, pursuant to sections 105, 363(b) and (f) and 365 of the Code, entry of an order: (A) Approving Competitive Bidding and Sale Procedures; (B) Approving Form and Manner of Notice; (C) Scheduling Dates to Conduct Auctions and Hearing

5

to Consider Final Approval of Sales, Including Treatment of Unexpired Non-Residential Real Property Leases; and (D) Authorizing the Sale of Commercial Real Property Located at: (i) 1890 Abbey Road, West Palm Beach, FL 33401; and, (ii) 4895 Windward Passage Drive, Boynton Beach, FL 33436.

8.  The Debtor is attempting to create maximum value for Gables and Abbey, and to that end requests that an auction take place at the United States Bankruptcy Court, 1515 North Flagler Drive, 8th Floor, Courtroom A, West Palm Beach, Florida 33401 on or before March 5, 2013 (the "Auction"), or at such other time as is determined by this Court. The Auction shall be conducted in accordance with the bidding procedures approved by this Court.

9.  The Debtor requests that a hearing approving each sale take place no later than one day after the Auction, or as soon thereafter as the Debtor can be heard.

**Proposed Gables Bidding Procedures**

10. An entity is entitled to bid at the Auction if it provides the following items (collectively, the "Bid Packet") no later than two business days prior to the auction **at 5:00 p.m. (prevailing eastern time)** (the "Deadline"):

> a. A minimum deposit of $200,000.00 payable by cashier's check, money order or wire transfer into the Debtor's counsel's IOTA trust account at Grand Bank and Trust Company;
>
> b. An executed purchase and sale contract with proposed terms that are higher and better than the terms set forth in the Gables Contract[1], including a purchase price of at least $2,250,000.00;
>
> c. Evidence acceptable to the Debtor and its counsel in their sole discretion that the bidder has the authority and financial ability to consummate the proposed sale; and,

---

[1] This shall be determined according to the Debtor's business judgment, subject to Court approval, if necessary.

6

d. Such other information as may reasonably be requested by the Debtor prior to the Deadline.

**Proposed Abbey Bidding Procedures**

11. An entity is entitled to bid at the Auction if it provides the following items (collectively, the "Bid Packet") no later than two business days prior to the auction **at 5:00 p.m. (prevailing eastern time)** (the "Deadline"):

a. A minimum deposit of $100,000.00 payable by cashier's check, money order or wire transfer into the Debtor's counsel's IOTA trust account at Grand Bank and Trust Company;

b. An executed purchase and sale contract with proposed terms that are higher and better than the terms set forth in the Abbey Contract[2], including a purchase price of at least $1,000,000.00;

c. Evidence acceptable to the Debtor and its counsel in their sole discretion that the bidder has the authority and financial ability to consummate the proposed sale; and,

d. Such other information as may reasonably be requested by the Debtor prior to the Deadline.

12. The Bid Packet must be received by the Deadline, and should be sent to:

> Eric A. Rosen, Esq.,
> Rosen & Winig, P.A.,
> 2925 PGA Boulevard, Suite 100
> Palm Beach Gardens, FL 33410
> Telephone # (561) 799-6040
> Facsimile # (561) 799-4047
> erosen@rosenwinig.com
>
> With a copy to:
>
> Michael Falk
> Michael Falk & Co.
> 342 Pike Road, Suite 21

---

[2] This shall be determined according to the Debtor's business judgment, subject to Court approval, if necessary.

7

West Palm Beach, FL 33411
Telephone # (561) 478-6400
Facsimile # (561) 478-9059
michael@falkandco.com

The Bid Packet should include the bidder's contact information, including but not limited to a name, address, telephone number and email address and that of its counsel (if applicable).

13. Each Bid Packet will be reviewed by the Debtor to determine compliance with the requirements listed above and to determine whether the proposed bid constitutes a higher and better offer than the offer submitted by the Proposed Purchaser. If these requirements are met, the bid shall be designated a "Qualified Bid" and the submitting party shall be designated a "Qualified Bidder". Bids containing proposed break-up fees or provisions for reimbursement of expenses in connection with the performance of due diligence shall not be accepted.

14. All Qualified Bidders shall be bound by their bid until the conclusion of the Auction.

**The Auction**

15. Subject to the approval of this Court, the Auction will take place on March 5, 2013 at __:__0 __.m., or such date as set by the Court, at the United States Bankruptcy Court, 1515 North Flagler Drive, 8th Floor, Courtroom A, West Palm Beach, Florida 33401. The Debtor shall notify all Qualified Bidders, the Proposed Purchaser, and all other parties as required by the Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court, Southern District of Florida. The Debtor and its professionals shall preside over the Auction.

16. The Auctions shall begin with an announcement of the highest and best Qualified Bid received prior to the Deadline (the "Starting Bid"). Any subsequent bid on Gables shall be

at least $2,260,000.00.  Any subsequent bid on Abbey shall be at least $1,010,000.00.  Bid increases shall be made in increments of not less than $10,000.00.

17. The Auctions shall continue until there is one Qualified Bid that the Debtor and its professionals determine, in their reasonable business judgment, is the highest and best Qualified Bid put forth.  Such "Prevailing Bidder" shall be deemed the winner of the Auction, subject to full performance of the executed purchase and sale contract and approval of the Bankruptcy Court.  The party with the next highest Qualified Bid at the Auction, as determined by the Debtor and its professionals, shall be deemed the "Backup Bidder".

18. The Prevailing Bidder shall close the Sale no fewer than three business days after the Court enters an Order approving the sale to the Prevailing Bidder.

19. Deposits made pursuant to submission of a Qualified Bid shall remain in the Debtor's counsel's IOTA account at Grand Bank and Trust Company, and shall be subject to the jurisdiction of the Bankruptcy Court, for no fewer than five days following the entry of an Order approving a sale.  After such time, the Debtor shall return the deposits of all Qualified Bidders to their rightful owners, except that of the Prevailing Bidder and the Backup Bidder.

20. The Prevailing Bidder shall close the sale within three business days after entry of the Sale Order.  In the event that the Prevailing Bidder successfully closes the sale, the Debtor shall return the Backup Bidder's deposit within five business days from the date of closing.  In the event that the Prevailing Bidder does not close the sale, such bidder shall forfeit its entire deposit to the Debtor without the Debtor having to provide any additional notice to the Prevailing Bidder that does not close.  The Debtor may then designate the Backup Bidder as the Prevailing Bidder, and the Debtor shall be authorized to consummate the sale with such Backup Bidder without any further order of this Court, but in no event later than five business days after

such designation. If the Backup Bidder is unable or unwilling to close the sale within the time prescribed, the Backup Bidder shall forfeit its deposit to the Debtor without the Debtor having to provide any additional notice to the Backup Bidder that does not close. The Debtor specifically reserves all rights to seek all available damages from any defaulting Prevailing Bidder.

21. All Qualified Bidders will be deemed to have consented to the jurisdiction of the Bankruptcy Court and to have waived any right to a jury trial in connection with any disputes arising out of the Auction or any sale. All agreements shall be governed by and construed in accordance with the laws of the State of Florida.

**The Sale Hearing**

22. Subject to this Court's approval and the availability of time on its calendar, the Sale Hearing shall take place either directly after the close of the Auction or no more than one day after completion of the Auction.

23. Section 363(b)(1) of the Code grants authority to a debtor in possession to sell property of the bankruptcy estate outside of the ordinary course after notice and a hearing. Any party objecting to the proposed sale must "produce some evidence respecting its objections" and the validity thereof.

24. Section 363(f)(5) of the Code grants authority to a debtor in possession to sell property free and clear of any liens, claims or encumbrances against such property if the holder of such an interest "could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." 11 U.S.C. §363(f)(5). This provision does not require that the sale proceeds exceed the value of any liens against the property at issue, but rather that some mechanism exists that could provide for a final satisfaction of such interest. *See, e.g.,* In re Healthco Intern., Inc., 174 B.R. 174, 176 (Bankr. D. Mass. 1994) (finding that the interest in

question only need be "subject to final satisfaction on a hypothetical basis, not that there be an actual payment in satisfaction of the interest . . . ."); In re Terrace Chalet Apartments, Ltd., 159 B.R. 821, 829 (N.D.Ill.1993) (finding that cramdown pursuant to 11 U.S.C. § 1129(b)(2) is a "mechanism by which a lien could be extinguished without full satisfaction of the secured debt."); In re Gulf States Steel of Alabama, Inc. 285 B.R. 497, 508-09 (Bankr. N.D. Ala. 2002) (finding that the ability to compel a party to accept a money satisfaction pursuant to a cramdown plan of reorganization satisfies the requirements of 11 U.S.C. § 363(f)(5)).

25. The Debtor respectfully submits that the proposed Bidding Procedures and Auction is fair and reasonable and is in the best interests of the Debtor and its creditors. The Auction will allow the Debtor to obtain the highest and best offers available for both Gables and Abbey, which will provide for the best possible recovery to all creditors. The Debtor has the ability to compel Iberiabank to accept a money satisfaction of its interests in Gables and Abbey[3].

**Notice**

26. The Debtor shall provide written notice via electronic mail, facsimile or U.S. Mail, of the Bidding Procedures, the Auction, and the hearing on approval of a sale within two business days from entry of an Order approving the competitive bidding and sale procedures described herein to the following parties: (a) Shah; (b) Ende; (c) the Office of the United States Trustee; (d) the Internal Revenue Service; (e) all parties who have filed a Notice of Appearance in this case; and (f) all creditors.

27. Michael Falk & Co. ("Falk") is serving as the Debtor's real estate broker pursuant to an Order of this Court dated January 9, 2013 [D.E. 36]. Falk has been actively marketing Abbey and Gables since June of 2012, and has continued to seek higher and better offers for both

---

[3] The holders of tax lien certificates will be paid in full at closing. Windward Master Association, Inc. will also be paid in full at Closing in an amount to be determined.

Gables and Abbey during the pendency of this bankruptcy case. Additionally, William Strauss of CBRE, Inc. actively marketed Abbey from June of 2011 to May of 2012. There are currently multiple back up offers for the purchase of both Gables and Abbey.

28. Accordingly, the Debtor believes that the notice procedure described herein is sufficient in this case, and any further notice, such as publication of any order granting the relief requested herein, would not likely attract any new offers and would only serve to diminish estate funds.

## **CONCLUSION**

29. As a result of the foregoing, the Debtor respectfully requests entry of an order pursuant to Sections 363(b) and (f) of Title 11 of the United States Code (the "Code"), Federal Rules of Bankruptcy Procedure 2002, 6004, 6006, and 9014, and Local Rule 6004-1(A): (A) Approving Competitive Bidding and Sale Procedures; (B) Approving Form and Manner of Notice; (C) Scheduling Dates to Conduct Auctions and Hearing to Consider Final Approval of Sales, Including Treatment of Unexpired Non-Residential Real Property Leases; and (D) Authorizing the Sale of Commercial Real Property Located at: (i) 1890 Abbey Road, West Palm Beach, FL 33401 ("Abbey"); and, (ii) 4895 Windward Passage Drive, Boynton Beach, FL 33436 ("Gables") free and clear of all liens, claims, encumbrances, and interests, and granting any other and further relief which this Court may deem appropriate.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

                ROSEN & WINIG, P.A.
                Attorneys for PJB Management, Inc.

                By: s/ Eric A. Rosen
                Eric A. Rosen
                Florida Bar No.: 36426
                Kaleb Bell
                Florida Bar No.: 60278
                2925 PGA Boulevard
                Suite 100
                Palm Beach Gardens, FL 33410
                (561) 799-6040
                erosen@rosenwinig.com
                kbell@rosenwinig.com