UNITED STATES BANKRUTPCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE:                                    Case No.: 12-39130-PGH
                                          CHAPTER 11
PJB MANAGEMENT, INC.

    Debtor.
_____/

**CREDITOR, IBERIA BANK'S OBJECTION TO MOTION FOR ENTRY OF ORDER PURSUANT TO 105, 363(b) AND (f) AND 365 OF THE BANKRUTPCY CODE, FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 6004, 6006, AND LOCAL RULE 6004-1(A): (A) APPROVING COMPETITIVE BIDDING AND SALE PROCEDURES; (B) APPROVING FORM AND MANNER OF NOTICE; (C) SCHEDULING DATES TO CONDUCT AUCTIONS AND HEARING TO CONSIDER FINAL APPROVAL OF SALES, INCLUDING TREATMENT OF UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES; AND (D) AUTHORIZING SALE OF COMMERCIAL REAL PROPERTY LOCATED AT (i) 1890 ABBEY ROAD, WEST PALM BEACH, FL 33403; AND (ii) 4895 WINDWARD PASSAGE DRIVE, BOYNTON BEACH, FL 33436, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS**

Creditor, IBERIABANK, by and through its undersigned counsel, files its Objection to the Debtor's Motion for Entry of Order Pursuant to sections 105, 363(b) and (f) and 365 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 2002, 6004, 6006, and Local Rule 6004-1(A): (A) Approving Competitive Bidding and Sale Procedures; (B) Approving Form and Manner of Notice; (C) Scheduling Dates to Conduct Auctions and Hearing to Consider Final Approval of Sales, Including Treatment of Unexpired Non-Residential Real Property Leases; and (D) Authorizing Sale of Commercial Real Property Located at (i) 1890 Abbey Road, West Palm Beach, FL 33403; and (ii) 4895 Windward Passage Drive, Boynton Beach, FL 33436, Free and Clear of Liens, Claims, Encumbrances, and Interests (DE 41) (the "Motion") and as grounds therefore states:

1.    IberiaBank, as successor to Orion Bank, holds a first mortgage (the "Gables Mortgage") on the Debtor's real property and improvements located at 4895 Windward Passage

26080592.1

Drive, Boynton Beach, Florida ("Gables") and security interests in all of the Debtor's personal property, including but not limited to all accounts, accounts receivable, contracts, leases, rents and profits as security for the repayment of a promissory note (the "Gables Note") with a outstanding current principal balance of $2,516,857.77 plus interest and other amounts due under the Gables Note and Mortgage.

2. IberiaBank also holds a first mortgage on the Debtor's real property and improvements located at 1890 Abbey Road, West Palm Beach, Florida ("Abbey Road") and security interests in all of the Debtor's personal property, including but not limited to all accounts, accounts receivable, contracts, leases, rents and profits as security for the repayment of two promissory notes (the "Abbey Road Notes") with combined outstanding current principal balances totaling $1,426,816.88 plus interest and other amounts due under the Abbey Road Notes and Mortgage.

3. IberiaBank objects to the Debtor's Motion in its entirety as being filed in bad faith. IberiaBank also objects to specific requests of the Debtor as impairing IberiaBank's right to credit bid under 11 U.S.C. §363(k) and as chilling potential bidders.

**The Motion Should be Denied in its Entirety**

4. The Gables Property and the Abbey Road Property constitute 85% of all assets listed in the Debtor's Schedules. Excluding the more than $165,000.00 of receivables that the Debtor indicates are more than 90 days past due and probably uncollectible, the Gables Property and the Abbey Road Property comprise more than 97.7% of the Debtor's assets.

5. On December 5, 2012, the day after the filing of its Petition for relief in this Court on December 4, 2012, the Debtor sought leave to hire Michael Falk as Real Estate Professional in order to list the Gables Property for $3,600,000.00 and the Abbey Road Property for $1,900,000.00. (DE #6).

6. The Court granted the Debtor's Motion to hire Mr. Falk on January 9, 2013 (DE #36).

7. IberiaBank had no reason to object to this request since a sale of the properties for at

26080592.1

or near the listing prices would have resulted in the full payment of IberiaBank's claims and the other claims secured by the Properties, and would also have generated funds to be paid to unsecured creditors.

8. Now, only twelve days after being granted leave to retain Mr. Falk, the Debtor seeks to sell both properties for less than the amounts owed to creditors holding claims secured by the Properties.

9. The attachments to the Debtor's Motion reveal that the proposed contracts for sale of the Gables Property and the Abbey Road Property were signed by the proposed buyers on *October 1, 2012* and January 4, 2013, respectively.

10. The Debtor should not be permitted to sell the Properties pursuant to §363 for less than the amount due to creditors holding liens against the Properties. *In re Wing*, 63 B.R. 83, 85 (Bankr. M.D.Fla. 1986)(denying motion to sell free and clear for less than amounts due to creditors holding liens on the subject property under §365(f)(5) in absence of compelling equitable consideration as such relief may only be provided where such equitable considerations exist); *In re Feinstein Family Partnership*, 247 B.R. 502 (Bankr. M.D.Fla. 2000)(no authority to permit the sale of property which is fully encumbered and in which the estate has no equity pursuant to §363(f)(5)).

11. One of the primary cases relied on by the Debtor indicates that, even if §363(f)(5) authorizes a sale free and clear if the creditor could be "crammed down" under §1129, the fact that the Debtor proposes selling all assets of the Estate for less than the amount of the secured claims, leaving nothing to reorganize and nothing for unsecured creditors, raises issues of bad faith that must be resolved by the bankruptcy court. *In re Terrace Chalet Apartments, Ltd.*, 159 B.R. 821, 830 (N.D. Ill. 1993).

12. Further, a Debtor may not cram down under §1129 without providing the creditor the indubitable equivalent of its secured claim. IberiaBank believes that the prices offered are less than the fair market value of the Properties. While the Debtor will claim that the auction process is designed to realize the true market value of the Properties, a sale on the courthouse steps will often

not realize the price that can be realized after a property has been properly[1] listed and marketed.

13. In this case, the Debtor seeks leave to sell over 97% of its assets for gross prices totaling less than 73% of the scheduled secured claims before sales expenses. The Debtor has shown no emergency which would authorize such a sale. The Motion should be denied.

**Modification of Sale Procedures**

14. The Debtor has shown no "cause" to impair IberiaBank's right to credit bid up to the total amounts of its respective claims at the proposed auction of the properties pursuant to 11 U.S.C. §363(k).

15. The Debtor nevertheless claims seeks (i) to impose a $25,000.00 Break Up fee for each of the proposed buyers, (ii) to require any interested party to become a Qualified Bidder before the proposed Auction and (iii) to require incremental bids of no less than $10,000.00 at such an auction.

16. Each of these requirements should be disallowed with regard to any credit bid by IberiaBank as there is no justification for impairing IberiaBank's right to credit bid under §363(k).

17. Even for other potential bidders, the Break Up fee for the Gables contract should be denied in its entirety as the proposed contract was signed before the Debtor filed for relief under Chapter 11. There can therefore be no showing that the proposed buyer for the Gables Property preserved any assets of the Estate and that the proposed fee is reasonable and appropriate in light of the size and nature of the proposed sale and the efforts and amounts actually expended by the bidder. *See In re Dorado Marine, Inc.*, 322 B.R. 637 (Bankr. M.D. Fla. 2005); *In re Reliant Energy Channelview, LP*, 2009 WL 838181 (D. Del. 2009); *In re Topeka*, 352 B.R. 7666 (Bankr. N.D. W.Va. 2006)(breakup fee must represent actual and necessary costs of preserving the Estate); *In re Jon J. Patterson, Inc.*, 411 B.R. 131 (Bankr. W.D.N.Y. 2009(same).

---

[1] In contrast to the Debtor's being granted leave to have Mr. Falk list the Properties $3,600,000 and $1,900,000 twelve days before filing the Motion seeking to authorize sale of the Properties for initial bids $2,200,000 and $965,000, respectively.

26080592.1

18. The fee should be especially scrutinized since it is in an amount which is exactly the difference between the proposed contract and a separate contract in the amount of $2,225,000.00 which was, upon information and belief, rejected by the Debtor even though that contract was not subject to any financing contingency. By seeking a break-up fee exactly in an amount of the difference between the two contracts and by further seeking to make incremental bids no less than $10,000.00, it would appear that the Debtor is seeking to chill, not encourage, competing bids at any auction of the Gables Property.

19. The proposed break-up fee under the Abbey Road Contract should also be disallowed until such time as the Debtor and Buyer can show that the Buyer preserved any assets of the Estate, that the proposed fee is reasonable and appropriate in light of the size and nature of the proposed sale and the efforts and amounts actually expended by the bidder and that the proposed fee will promote, not chill, bidding at any auction authorized by the Court. *Id.*

WHEREFORE, IberiaBank seeks entry of an Order denying the Debtor's Motion or, in the alternative, disallowing the proposed break up fees, any requirement that IberiaBank bid in any particular increments when exercising its right to credit bid at any auction or requiring IberiaBank to comply with the requested pre-auction conditions for being a "Qualified Bidder" at such an auction.

Respectfully submitted,

By: /s/ NIALL T. MCLACHLAN
Niall T. McLachlan
Florida Bar No. 0059552
CARLTON FIELDS, P.A.
100 S.E. Second Street, Ste. 4200
Miami, Florida 33131-9101
Phone: 305-539-7243; Fax: 305-530-0055
Email: nmclachlan@carltonfields.com

26080592.1

## CERTIFICATE OF SERVICE
### CASE NO: 12-39130-PGH

I HEREBY CERTIFY that on this 4\ :sup:`TH` day of February, 2013, a true and correct copy of the foregoing was served electronically with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following counsel of record:

- Kaleb R Bell    kbell@rosenwinig.com, sgumz@rosenwinig.com; erosen@rosenwinig.com
- John B. Hutton III    huttonj@gtlaw.com, mialitdock@gtlaw.com; miaecfbky@gtlaw.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Eric A Rosen    erosen@rosenwinig.com; kbell@rosenwinig.com; sgumz@rosenwinig.com

I HEREBY CERTIFY that on this 4th day of February, 2013, a true and correct copy of the foregoing was served via US Mail to the following:

Michael Falk
342 Pike Rd #21
West Palm Beach, FL 33411

John Spillane
12788 Forest Hill Blvd #2005
Wellington, FL 33414

By: /s/ Niall T. McLachlan

26080592.1